28 So.2d 216

**BURTON v. STATE.**

**5 Div. 225.**

Court of Appeals of Alabama.

Dec. 10, 1946.

H. N. Segrest, of Tuskegee, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment, proper in form and substance, charged this appellant, and others, not on trial, with burglary of the store of J. C. Menefee. The crime thus charged, was shown, by the undisputed evidence, to have been committed.

The defendant below (appellant) strenuously denied any knowledge of, or participation in, the commission of the offense. He so testified, and offered testimony of several witnesses in support of this insistence. Thus, the only question involved upon the trial was one of fact, and upon this question the trial court allowed the defendant full latitude to sustain his contention and his plea of not guilty.

Pending the trial in the court below, but few exceptions were reserved to the rulings of the court. As to the main trial we find upon due consideration that no semblance of error appears in any of the court's rulings. This is so clearly apparent no discussion in this connection is necessary.

The only insistence here deemed necessary to mention is the action of the trial court in overruling and denying defendant's motion for a new trial. This motion was based solely upon the grounds that the verdict of the jury was contrary to the law and evidence in the case. To this insistence we are unable to accord, as the evidence adduced upon the trial was in sharp and irreconcilable conflict; hence for the jury to determine. That for the State was ample to support the verdict of the jury and to sustain the judgment of conviction duly pronounced and entered.

No error appearing the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.